## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOSE CHARACTERS FROM CLEVELAND, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>CHICKENPOD, et al.,<br><br>          Defendants. | Civil Action No. 26-cv-4285 |

### [~~PROPOSED~~] PRELIMINARY INJUNCTION ORDER

The Court has considered Plaintiff's Motion To Show Cause As To Why A Preliminary Injunction Should Not Issue (the "Motion to Show Cause") and oral arguments made in the hearing. Based on the papers and other evidence submitted in support of the Motion to Show Cause, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

### FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.     Plaintiff is likely to prevail on its copyright and trademark infringement claims at trial.

2.     As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries:

    a.  Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately sold and offered for sale products infringing upon Plaintiff's intellectual property (the "Infringing Products") including Copyright Registration Nos. asserted in this action: VAu 1982408; VAu 1387240; VAu 1391157; VAu 1493374; and VAu 1824810 (the "CARE BEARS Works") and U.S. Trademark Registration Nos. asserted in this action: 1,270,509; 1,294,343; 4,864,703; 6,748,823; 6,289,314; and 7,115,127 (the "CARE BEARS Marks");

1

the CARE BEARS Works and CARE BEARS Marks are collectively referred to as the "CARE BEARS IP" in connection with the systematic advertisement, distribution, offering for sale, and sale of Infringing Products into the United States, including within this judicial district of New York, over the Internet through accounts with online marketplace platforms including Amazon, Walmart, Temu, PayPal and Shop Pay held by Defendants (the "User Account(s)").

b. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to CARE BEARS IP.

3.      On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with CARE BEARS IP if a preliminary injunction is not issued.

4.      Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Defendants' addresses are unknown or unverifiable despite Plaintiff's due diligence.

## ORDER

The injunction previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65, 17 U.S.C. § 502, and 15 U.S.C. § 1116(a). Based on the foregoing findings of fact and conclusions of law, Plaintiff's Motion to Show Cause is hereby **GRANTED** and it is **ORDERED** as follows:

2

1.      As sufficient causes have been shown, Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order are preliminarily enjoined and restrained from engaging in any of the following conduct during the pendency of this action or until further order of the Court:

a.      Cease and refrain from manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

b.      Cease and refrain from manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the CARE BEARS IP, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

c.      Cease and refrain from destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d.      Cease and refrain from using the CARE BEARS IP on or in connection with any seller alias (as identified in Schedule A or otherwise) that any Defendant may own, operate, or control on any marketplace;

e.      Cease and refrain from any and all use of the CARE BEARS IP as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and;

3

f.      Cease and refrain from altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace during the pendency of this action, or until further Order of the Court.

## Asset Restraint

2.      As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a.      within five (5) days of receipt of service of this Order, that any Financial Institutions such as (i) Amazon.com, Inc. ("Amazon"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc. ("Payoneer"), (iv) Ping Pong Global Solutions Inc. ("Ping Pong"), (v) WhaleCo Inc. ("Temu"), (vi) Shopify Inc. d/b/a Shop Pay ("Shop Pay"), and (vii) Walmart, Inc. ("Walmart"), (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposition of monies or funds from Defendants' Accounts, as well as the transfer or disposition of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff.

## Expedited Discovery

3.      As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control):

4

a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution.

b. Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

c. Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4. As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

a. Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26 and 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel.

**Service by Electronic Mail and/or Electronic Publication**

5. Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to, Defendants if it is completed by the following means:

Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; and (ii) a link to a website where each Defendant will be able to download PDF copies of this Order

together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application (the "Link"), to Defendants' e-mail addresses as provided by the Financial Institutions, or if the Financial Institutions are unable to provide e-mail addresses, then by providing the Link to the Financial Institutions with instructions to forward it to Defendants through their internal messaging systems or other available means of electronic communication.

### Security Bond

6.      The $1,500 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

### Application to Vacate or Dissolve

7.      Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

June 24, 2026

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

6

## Schedule A

| Doe No | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | chickenpod | Standalone | chickenpod.us |
| 2 | GROOVY RUGGY | Standalone | groovyruggy.com |
| 3 | Nail Holiday | Standalone | nailholiday.com |
| 4 | PopGoodz | Standalone | popgoodz.net |
| 5 | Printitize | Standalone | printitize.com |
| 6 | SESEABLE | Standalone | seseable.com |
| 7 | ttpen | Standalone | ttpen.com |
| 8 | blue | Amazon | A25NL251O4XDR7 |
| 9 | Cavetee | Amazon | A287HEWYM4WNPS |
| 10 | Chengdeshigaoxinqudoushabaoxiaoshoubugerenduzi | Amazon | A2DWNX5VYCB2TX |
| 11 | Complete | Amazon | A3UHE9JZZ7YTFA |
| 12 | dreampursuer | Amazon | A2W0NBNZRF4DS |
| 13 | fnjtgf | Amazon | A6W1CVU5H0T39 |
| 14 | GuangZhouHangFengMaoYi | Amazon | A31N6PI2QD3AW9 |
| 15 | HappySpot | Amazon | A3SDRC1S099HF2 |
| 16 | HashimTraders | Amazon | A2U9ZZ673XCYQN |
| 17 | HomSunTe Ltd | Amazon | A3620OQ5F4ECVV |
| 18 | JIEHANGYOUPIN | Amazon | A1MRWS4063V20D |
| 19 | keyuan clothing store | Amazon | A123ISKOMTN1AA |
| 20 | LIPENGYU | Amazon | A3REOLM3Y7MH5L |
| 21 | PTDECORART | Amazon | A3V8LPPOBD95SQ |
| 22 | REETOOK STORE | Amazon | A7ME74974DU6W |
| 23 | SIWENGROUP | Amazon | A1HJK9AC2CJ8FZ |
| 24 | Vomeko | Amazon | A3A3LM23UC0UV0 |
| 25 | WDIRARA | Amazon | A34CQ7S73A4TP4 |
| 26 | XINzhu | Amazon | A1AHONOUS6H51G |
| 27 | yangjiejiejie | Amazon | A10ILIJU3MMFFT |
| 28 | Yao Yao-lulu | Amazon | A1OGG0C2DS78K0 |
| 29 | zhoukoushialiushangmaoyouxiangongsi | Amazon | A1G68JNKDI0NLC |
| 30 | DSSWDBD | Walmart | 102866627 |
| 31 | NNreng's Shop | Walmart | 102770340 |
| 32 | YIJIAN PAN | Walmart | 102918735 |
| 33 | xiaoermao local | Temu | 634418223659602 |

7