**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOSE CHARACTERS FROM CLEVELAND, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHICKENPOD, et al.,<br><br>Defendants. | Civil Action No. 26-cv-4285 |

**[~~PROPOSED~~] MODIFIED PRELIMINARY INJUNCTION ORDER**
**AS TO DEFENDANT WDIRARA**

The Court previously entered a Preliminary Injunction Order against all Defendants ("PI Order") on June 24, 2026. Defendant Wdirara (Def. 25) ("Defendant") met and conferred with Plaintiff and agreed to a stipulated preliminary injunction which includes a cap on the asset restraint previously implemented by the Court's PI Order, Dkt. 30. Court makes the following findings of fact and conclusions of law:

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. Plaintiff is likely to prevail on its copyright and trademark infringement claims at trial.

2. As a result of Defendant's misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries:

   a. Defendant, without any authorization or license from Plaintiff, has knowingly, willfully, and deliberately sold and offered for sale products infringing upon Plaintiff's intellectual property (the "Infringing Products") including Copyright Registration Nos. asserted in this action: VAu 1982408; VAu 1387240; VAu 1391157; VAu 1493374; and/or VAu 1824810 (the "CARE BEARS Works") and/or U.S. Trademark Registration Nos. asserted in this action: 1,270,509;

1,294,343; 4,864,703; 6,748,823; 6,289,314; and 7,115,127 (the "CARE BEARS Marks"); the CARE BEARS Works and CARE BEARS Marks are collectively referred to as the "CARE BEARS IP" in connection with the systematic advertisement, distribution, offering for sale, and sale of Infringing Products into the United States, including within this judicial district of New York, over the Internet through accounts with online marketplace platforms including Amazon, Walmart, Temu, PayPal and Shop Pay held by Defendant (the "User Account(s)").

b. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to CARE BEARS IP.

3. On balance, the potential harm to Defendant of being prevented from continuing to profit from its illegal and infringing activities if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with CARE BEARS IP if a preliminary injunction is not issued.

## ORDER

The injunction previously granted in the PI Order shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65, 17 U.S.C. § 502, and 15 U.S.C. § 1116(a). Based on the foregoing findings of fact and conclusions of law, Plaintiff's Motion to Show Cause is hereby **GRANTED** and it is **ORDERED** as follows:

1. As sufficient causes have been shown, Defendant and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual

notice of this Order are preliminarily enjoined and restrained from engaging in any of the following conduct during the pendency of this action or until further order of the Court:

a. manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

b. manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the CARE BEARS IP, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

c. destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d. using the CARE BEARS IP on or in connection with any seller alias (as identified in Schedule A or otherwise) that Defendant may own, operate, or control on any marketplace;

e. any and all use of the CARE BEARS IP as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and;

f. altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace during the pendency of this action, or until further Order of the Court.

**Asset Restraint**

2. In accordance with the parties' agreement, the asset freeze implemented by the previous PI Order is capped at $15,000 for Defendant Wdirara. Any surplus of frozen funds beyond this amount shall be released to Defendant, and will remain released provided Defendant remains in compliance with this Order.

3. The Court's previous Preliminary Injunction Order as it relates to Defendant Wdirara, is dissolved and is replaced by this Stipulated Preliminary Injunction Order, which is hereafter in effect.

7/14/24

Loretta A. Preska

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

**Schedule A**

| Doe No | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 25 | WDIRARA | Amazon | A34CQ7S73A4TP4 |